UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
ARCH SPECIALTY INSURANCY COMPANY,

               Plaintiff,        **ORDER**
                                          24-CV-3583 (MKB) (JMW)
      v.

DING SHENG CORPORATION,

               Defendant.
---------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

      Plaintiff Arch Specialty Insurance Company ("Arch"), commenced the above-captioned action on May 16, 2024, against Defendant Ding Sheng Corporation ("DSC"), alleging breach of contract, unjust enrichment, and accounts stated. (Compl., Docket Entry No. 1.) Defendant failed to appear or otherwise respond to the action, and the Clerk of Court noticed a default against Defendant on June 18, 2024. (Clerk's Entry of Default, Docket Entry No. 10.) On July 22, 2024, Plaintiff moved for a default judgment on its breach of contract and accounts stated claims.[1] (Pl.'s Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 11; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem.") 2, Docket Entry No. 11-14.) On July 22, 2024, the Court referred the motion for default judgment to Magistrate Judge James M. Wicks for a report and recommendation. (Order dated July 22, 2024.)

      By report and recommendation dated February 1, 2025, Judge Wicks recommended that the Court grant in part and deny in part Plaintiff's motion for default judgment and

---

[1] Plaintiff did not seek default judgment on its unjust enrichment claim. Plaintiff is therefore directed to show cause, within thirty days of this Order, why the Court should not dismiss the unjust enrichment claim.

recommended that Plaintiff be awarded damages in the amount of $140,415.34; litigation costs in the amount of $584.07; pre-judgment interest on the damage award in the amount of $34.62 per day from June 30, 2021 through the date judgment is awarded; and post-judgment interest at nine-percent per annum on the total award, inclusive of accrued interests and costs, through the date final judgment is entered (the "R&R"). (R&R 2, 17, Docket Entry No. 13.) Judge Wicks also recommended that the Court deny Plaintiff's application for attorneys' fees, without prejudice and with leave to renew. (*Id.* at 17.)

No party has objected to the R&R and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012)

2

("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court grants in part and denies in part Plaintiff's motion for default judgment. The Court awards Plaintiff damages in the amount of $140,415.34 and litigation costs in the amount of $584.07. The Court also awards Plaintiff prejudgment interest of $34.62 per day from June 30, 2021 through the date of judgment, and post-judgment interest, at nine percent per annum, on the total award, inclusive of accrued interests and costs, through the date final judgment is entered. The Court denies Plaintiff's motion for default judgment as to attorneys'

fees without prejudice.  Counsel may renew his application for attorneys' fees within thirty days of this Order, and must submit the required supporting documentation.

Dated: February 25, 2025
      Brooklyn, New York

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

4