UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ARCH SPECIALTY INSURANCE COMPANY,

        *Plaintiff*,

        -against-

DING SHENG CORPORATION,

        *Defendant*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
CLERK

12/22/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

24-cv-03583 (MKB) (JMW)

**A P P E A R A N C E S:**

    Vitaly Vilenchik, Esq.
    **DAC Beachcroft LLP[1]**
    55 Broadway, Suite 1602
    New York, NY 10006
    *Attorneys for Plaintiff*

    *No other Appearances*

**WICKS**, Magistrate Judge:

Plaintiff Arch Specialty Insurance Company ("Plaintiff") brought claims against Defendant Ding Sheng Corporation ("Defendant") for breach of contract (Count I), unjust enrichment (Count II), and accounts stated (Count III). (*See generally*, ECF No. 1.) After the case was designated to arbitration, Plaintiff subsequently informed the Court that Defendant failed to answer the Complaint or otherwise appear in this action, and requested the Clerk of the Court issue a Certificate of Default against Defendant. (ECF No. 9.) The Clerk of the Court entered default on June 18, 2024. (ECF No. 10.) Plaintiff subsequently filed its Motion for Default Judgment on Count I and Count III of the Complaint (ECF No. 11), which was referred

---

[1] Counsel appears to have changed firms as the instant application includes an address for the Firm of DAC Beachcroft and the docket reflects the Firm of Hinshaw & Culbertson. Counsel is directed to update the contact information on ECF.

to the undersigned by the Chief Judge Margo K. Brodie (*see* Electronic Order dated July 22, 2024). The undersigned issued a Report & Recommendation, recommending that the Motion be granted in part and denied in part, which Chief Judge Brodie adopted. (ECF Nos. 13, 15-16.)

Now that Plaintiff has judgment, he seeks assistance in post-judgment execution. Before the Court is Plaintiff's Motion to Compel non-party Xiang Xing Chu ("Chu") to comply with a subpoena issued by Plaintiff (ECF No. 19). Chu is the principal owner of Defendant/Judgment Debtor and the primary applicant of the insurance policies that are the crux of the issues in this case. The application is unopposed.[2] For the reasons stated herein, the Motion to Compel (ECF No. 19) is **GRANTED**.

## THE LEGAL FRAMEWORK

Fed. R. Civ. P. 69 provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also Stati v. Republic of Kazakhstan*, No. 19-MISC-382 (PAE), 2024 WL 3442663, at *4 (S.D.N.Y. July 17, 2024), *appeal withdrawn*, No. 24-2198, 2025 WL 513037 (2d Cir. Jan. 27, 2025) (citing Fed. R. Civ. P. 69(a)(2) ("Under Rule 69, a judgment creditor 'may obtain discovery from any person" in aid of judgment or execution 'as provided in these rules or by the procedure of the state where the court is located.'")).

Discovery under Rule 69 "is constrained principally in that it must be calculated to assist in collecting on a judgment." *Id.* (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207

---

[2] Opposition was to be filed on or before December 17, 2025, and no such filings were made. (*See* Electronic Order dated 12/9/2025.) Indeed, Plaintiff filed a certificate of service demonstrating that non-party Chu was served with the Order affording opportunity to oppose. (ECF No. 20.)

2

(2d Cir. 2012), *aff'd sub nom. Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 134 S. Ct. 2250, 189 L. Ed. 2d 234 (2014)). "'New York state's post-judgment discovery procedures, made applicable to proceedings in aid of execution by Federal Rule 69(a)(1), have a similarly broad sweep,' providing that a 'judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment.'" *Id.* (quoting N.Y. C.P.L.R. § 5223) (under N.Y. C.P.L.R. § 5223 a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment.")

The Second Circuit observed that post-judgment discovery to assist in post-judgment collection is broad in both federal and New York courts. *See EM Ltd.*, 695 F.3d at 207. This means that creditors have "wide latitude in using the discovery devices provided by the Federal Rules in post-judgment proceedings." *GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, No. 07-CV-3219 (PKC)(DF), 2012 WL 1933558, at *4 (S.D.N.Y. May 22, 2012) (internal citations omitted). Put another way, judgment enforcement discovery is broader than discovery that could be obtained in the underlying suit that led to the judgment.

It is against this backdrop that the undersigned analyzes the instant application.

## DISCUSSION

On August 9, 2025, Plaintiff served Chu with a subpoena to appear for a deposition. (*See* ECF Nos. 19-1, 19-2.) Upon non-compliance of the subpoena that required Chu to appear for a deposition on September 16, 2025, Plaintiff filed the instant application to compel Chu to comply with the subpoena. *See McCabe v. Conair LLC*, No. 24-CV-5594 (RER) (VMS), 2025 WL 2677095, at *2 (E.D.N.Y. Sept. 18, 2025) (citing and quoting *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016)) ("where the subpoenaed non-party neither objected to nor responded to the subpoena, the subpoenaing

3

parties' remedy was to file a motion to compel 'in the district where compliance was required'")); *see also Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, No. 22-CV-2893 (GRB)(JMW), 2023 WL 1967575, at *5 (E.D.N.Y. Feb. 10, 2023) (granting motion to compel where subpoenas were validly issued and served and noting that the non-party's failure to appear with no opposition to the motion warranted "enforcement of the subpoenas").

Indeed, the subpoena here is valid. Rule 45 allows an attorney to issue and sign a subpoena. *See* Fed R. Civ. P. 45(a)(3). Attorney Vitaly Vilenchik, counsel for Plaintiff signed the subpoena. (*See* ECF No. 19-1 at 2.) "Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Mizrahi v. Equifax Info. Servs., LLC*, 345 F.R.D. 392, 395 (E.D.N.Y. 2024) (quoting *Freund v. Weinstein*, No. 08-CV-1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009)). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Id.*

The subpoena included the subject matter of what topics were to be discussed. Specifically, the eleven topics were:

> **SUBJECT NO. 1:** The 2019 Policy, and any related Documents and Communications between You and Arch.
>
> **SUBJECT NO. 2:** The 2020 Policy, and any related Documents and Communications between You and Arch.
>
> **SUBJECT NO. 3:** Documents and Communications between Arch and You, as well as Arch and Your insurance broker, concerning the 2019 Additional Premium.
>
> **SUBJECT NO. 4:** Documents and Communications between Arch and You, as well as Arch and Your insurance broker, concerning the 2020 Additional Premium.

4

**SUBJECT NO. 5:** Documents and Communications exchanged with any other person concerning the 2019 Additional Premium.

**SUBJECT NO. 6:** Documents and Communications exchanged with any other person concerning the 2020 Additional Premium.

**SUBJECT NO. 7:** Documents, Communications, and information concerning any and all of the Assets of DSC, its parent entities, and subsidiaries.

**SUBJECT NO. 8:** Documents, Communications, and information concerning any and all bank accounts, or other deposit or checking or money market accounts held at any financial institution by DSC, its parent entities, and subsidiaries.

**SUBJECT NO. 9:** Documents, Communications, and information relating to or concerning the ownership of DSC, its parent entities, and subsidiaries.

**SUBJECT NO. 10:** Documents, Communications, and information relating to or concerning the operation of DSC, its parent entities, and subsidiaries.

**SUBJECT NO. 11:** Documents, Communications, and information to aid in the collection of the Judgment.

(ECF No. 19-1 at 9-10.)

The above topics are clearly relevant and in furtherance of Plaintiff's post-judgment collection efforts. "Courts have regularly concluded that 'the presumption should be in favor of full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets.'" *Gujarat State Petroleum Corp. Ltd. v. Republic of Yemen*, No. 19-MC-0547 (RA), 2022 WL 1567464, at *8 (S.D.N.Y. May 18, 2022) (quoting *Owens v. Republic of Sudan*, No. CV 01-2244 (JDB), 2020 WL 4039302, at *5 (D.D.C. July 17, 2020)). Of course, it is the Court's role to determine that what is sought is relevant under Rule 26. The same applies to Rule 69(a)(2), where discovery "is constrained principally in that it must be calculated to assist in collecting on a judgment." *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-CV-4422 (LJL), 2024 WL 232103, at *1 (S.D.N.Y. Jan. 22, 2024).

Having found that the topics to be discussed at the subpoena are relevant and

5

proportional to execution of the judgment coupled with Chu's role as Defendant's owner and the primary application to the insurance policies at issue, there are no grounds to deny the instant motion. Moreover, no opposition or motion to quash is before the Court. Therefore, Chu is directed to complied with the subpoena.

Accordingly, Plaintiff's Motion to Compel is granted, and the deposition of Chu is to be taken on or before **February 6, 2026**. Plaintiff shall serve a copy of this Order by **December 30, 2025**, upon Chu and file proof of service within two business days of service. Plaintiff shall file a letter regarding the status of compliance by **February 13, 2026**. Should Chu fail to obey the subpoena or this court Order, such noncompliance could be deemed a contempt of the court order under Rule 45(g).

## **CONCLUSION**

For the reasons stated above, the Motion to Compel (ECF No. 19) is **GRANTED**. Plaintiff is directed to serve a copy of this Order on non-party Chu by **December 30, 2025**, and file proof of service <u>within two business days</u>. The deposition shall take place no later than **February 6, 2026**. Plaintiff shall file a letter regarding the status of compliance by **February 13, 2026**.

Dated:   Central Islip, New York
         December 22, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
     JAMES M. WICKS
  United States Magistrate Judge